NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARIA ENRIQUEZ-ORELLANA, Maria Isabel Enriquez-Orellana, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 16-70150 <br><br> Agency No. A088-350-212 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2019**
Pasadena, California

Before: WARDLAW, BERZON, and BADE, Circuit Judges.

Maria Enriquez-Orellana ("Enriquez"), a native of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence, apply the standards governing adverse credibility determinations created by the REAL ID Act, *see Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010), and deny the petition.

Substantial evidence supports the agency's adverse credibility determination. The IJ found, and the BIA affirmed, that there were non-trivial inconsistencies within Enriquez's testimony, and between her testimony and documentary evidence. *See Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011). Although the BIA explained that, "as a general rule date discrepancies are relatively insignificant standing alone," the BIA did not rely solely on those discrepancies, and taken together with Enriquez's "evasive demeanor and non-responsive testimony when confronted with [them]," the adverse credibility finding is supported by substantial evidence. And, as required, the BIA "specifically point[ed] out the noncredible aspects of the petitioner's demeanor." *Shrestha*, 590 F.3d at 1042.

The agency did not err by considering inconsistencies between Enriquez's statements to an asylum officer during a credible fear interview and her hearing testimony. Unlike the petitioner in *Singh v. Gonzales*, 403 F.3d 1081 (9th Cir. 2005), Enriquez was administered an oath before the credible fear interview, she spoke Spanish with a translator present, there is a written record of the questions and answers during the interview, and at the hearing Enriquez was asked about, and

2

given an opportunity to explain, the inconsistencies in her statements and testimony.

The agency also did not err in concluding that documentary evidence did not rehabilitate Enriquez's testimony. The adverse credibility determination was not based solely on a determination that the documentary evidence was itself not credible. Instead, it was based on a conclusion that Enriquez's testimony was not credible. Thus, this case is distinguishable from *Lin v. Gonzales*, 434 F.3d 1158 (9th Cir. 2006).

In the absence of credible testimony, Enriquez's asylum and withholding of removal claims fail. *Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017). Enriquez's CAT claim also fails because it is based on the same testimony the agency found not credible, and Enriquez has not identified any other evidence that satisfies her burden of showing that it is more likely than not she would be tortured if she returned to El Salvador. *See Jiang v. Holder*, 754 F.3d 733, 740 (9th Cir. 2014).

**PETITION DENIED.**